# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LUIS MERCED,<br><br>    Defendant. | Crim. No. 19 Cr. 832 (ER) |

## Motion to Vacate, Set Aside, or Correct Sentence
## by a Person in Federal Custody

1.  Name and location of the court which entered the judgment of conviction under attack:

    United States District Court for the Southern District of New York, 500 Pearl Street New York, NY 10007

2.  Date of judgment of conviction and sentencing: June 28, 2022

3.  Length of sentence: 240 Months

4.  Nature of offense involved (all counts):  Conspiracy to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

5.  What was your plea? Guilty

6.  Kind of trial:  None.

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?  No.

8.  Did you appeal from the judgment of conviction? Yes.

9.  If you did appeal. answer the following:

    a)  Name of court: U.S. Court of Appeals for the Second Circuit
    b)  Docket or case number (if you know): 22-1407; 1499
    c)  Result: Appeal dismissed.
    d)  Date of result (if you know): 5-6-2024
    e)  Citation to the case (if you know): U.S. App. LEXIS 16147 (2d Cir May 6, 2024, Nos. 22-1407 (L), 22-1499 (Con)).
    f)  Grounds raised: Sentence unreasonable; appellate waiver invalid.
    g)  Did you file a petition for certiorari in the United States Supreme Court? No.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? No.

11. If your answer to 10 was yes, give the following information: Not applicable.

12. State concisely every ground on which you claim that you are being held unlawfully and summarize briefly the facts supporting each ground.

   a) My Sixth Amendment right to adequate representation was violated when my defense counsel misadvised me to accept responsibility in 2022 for a 1989 homicide without fully researching and reviewing with me the original facts and investigative record which were strongly exculpatory of my involvement in that homicide.

   b) My defense counsel were ineffective when they failed to argue, both pre-trial, in plea negotiations and at sentencing, the fact that my conduct did not cause the homicide or have any causal relationship to it whatsoever. Specifically, defense counsel failed to grasp the legal relevance of, and utilize in my defense, the fact that the victim was paged to the location of the homicide and had essentially already arrived at the location before my conduct.

   c) My defense counsel were ineffective when they failed to provide the sentencing court a full and accurate description of my 1992 State of Maryland conviction for second degree murder and related charges and failed to correct the sentencing court's misunderstanding of the facts of that offense.

   d) My defense counsel were ineffective when they waived the scheduled *Fatico* hearing and failed to challenge the government's contentions I had engaged in narcotics activities after 2008 and to require court resolution thereof, when such activities had not occurred and the government's evidence was sparse and highly questionable. This factor was highly significant at my sentencing.

   e) My defense counsel were ineffective when they failed to give effect to my decision to go to trial and instead unduly pressured me into pleading guilty, overriding my contrary choice. I had legitimate reasons for wanting to go to trial. One of my counsel supported that choice all along, but when he was away on a family crisis, the remaining counsel pressured me to take a plea. I expressed my reluctance during my plea but he again silenced me.

   f) My defense counsel were ineffective in failing to raise adequate objections to the Pre-Sentence Report and to specific characterizations of my conduct and history, and in failing to obtain and review with me a copy of the final Pre-Sentence Report prior to my sentencing. There was record evidence they could have presented to Probation to correct the factual misrepresentations but they did not.

In all of the above respects, defense counsels' performance was deficient and below that required of reasonably competent defense counsel. Moreover, I was prejudiced by the above deficiencies because there is a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668 (1984). As a result, my Sixth Amendment right to counsel was violated.

13.     If you appealed from the judgment of conviction, did you raise these issues?  None of these issues were raised on direct appeal because the original trial record is generally insufficient to support full litigation of ineffective assistance of counsel claims.  See *Massaro v United States*, 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance.")

14.     Did you raise this issue in any post-conviction motion, petition, or application? None of these claims have previously been raised in any post-conviction motion, petition, or application in any court other than the instant petition.

15.     Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging? No.

16.     Give the name and address of each attorney who represented you in the following stages of the judgment you are challenging:

   a) At preliminary hearing, arraignment, plea and sentencing:

   I was represented by Attorney Aaron Mysliwiec, Miedel & Mysliwiec LLP 52 Duane Street, New York, NY 10007, 212-616-3042 and by Attorney Christopher P. Madiou, Law Offices of Christopher Madiou, 50 Broad Street, Suite 1609, New York, NY 10004, 917-408-5730.

   b) On direct appeal, I was represented by Attorney Jeff Chabrowe, 521 Fifth Avenue, 17th floor, NY, NY 10175, 917-529-3921. He also represents me in the instant 2255 petition.

17.     Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  No. I waived indictment and was sentenced on an information only.

18.     Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? No.

19.     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? N/A.

20.     TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.  The Second Circuit denied my appeal on May 6, 2024. My conviction thus became final on August 5, 2024, which is the last day I could have filed a petition for certiorari. *Clay v United States*, 537 U.S. 522, 530 (2003); Supreme Court Rule 13; Fed. Civ Pro. R. 6(a)(1)(C) (next working day). Cf. *Velázquez v Bondi*, ___US___ , ___, 145 S Ct 1232, 1245 (2025). My one-year deadline under 28 U.S.C. § 2255 is thus August 6, 2025, as the trigger date of August 5 is not counted. Fed. R. Civ. P. 6(a)(1)(A); *Chrysler v Guiney*, 14 F Supp 3d 418, 424 (SDNY 2014). My petition filed this day is therefore timely under 28 U.S.C. § 2255(f)(1).

Wherefore, Petitioner prays that the Court grant him relief to which he may be entitled in this proceeding.

Dated: August 5, 2025                             Respectfully submitted,

*Jeff Chabrowe*
_____
Jeff Chabrowe, Esq.
The Law Office of Jeffrey Chabrowe
521 Fifth Avenue, 17th Floor
New York, NY 10175
917-529-3921
jeff@chabrowe.com

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief. I understand this document will be filed in a court of law by my attorney, Jeff Chabrowe.

*Luis Merced*

Luis Merced
USM # 00571-748
33 and ½ Pembroke Station
Danbury, CT 06811

August 5, 2025